IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

GOLF CLUB, L.L.C., an Oklahoma limited liability company,

    Plaintiff,

v.

AMERICAN GOLF CORPORATION,

    Defendant.

Case No. CIV-16-946-D

# **O R D E R**

Before the Court is Defendant's Motion to Dismiss Count 1 of Plaintiff's Complaint [Doc. No. 16]. Plaintiff has opposed the Motion, which is fully briefed.

## **Factual Background**

Plaintiff Golf Club, L.L.C., brings suit against Defendant American Golf Corporation, asserting declaratory judgment and breach of contract claims related to a twenty (20) year commercial lease ("Lease") of The Golf Club of Oklahoma ("Club"). The Complaint alleges Defendant failed to maintain the leased premises as required by the Lease, causing "substantial deficiencies," which led to a dramatic decline in Club membership, "historic prestige, and reputation." Compl. [Doc. No. 1] at 6. Plaintiff further alleges that, despite making Defendant aware of the deficiencies (which were identified and assessed by Plaintiff's independent contractor), Defendant failed to make necessary repairs, and instead, hired its own contractor to "perform superficial remediation and minor and/or cosmetic repairs designed to cover up the extensive damage to the Club

buildings caused by Defendant's deferred maintenance and general neglect during its tenancy." Compl. [Doc. No. 1] at 11.

Defendant seeks a partial dismissal of the Complaint based "on the principle that a federal court should not entertain a claim governed by the Declaratory Judgment Act, 28 U.S.C. § 2201, that simply seeks a determination of issues presented by a separate claim for damages." Mot. [Doc. No. 16] at 2 (quoting *Cleveland v. Talent Sport, Inc.*, Case No. CIV-12-789-D, 2013 WL 2178272, *2 (W.D. Okla. May 17, 2013)). In addition, Defendant contends that Count 1 of the Complaint "seeks coercive remedies relating to claimed repairs to the leased premises." *Id.* at 2. Plaintiff contends its declaratory judgment claim is not coercive and properly seeks a judicial determination of issues separate and distinct from its breach of contract claim. *See* Resp. [Doc. No 18] at 4.[1]

## Standard of Decision

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at

---

[1] The portion of Count 1 of Plaintiff's Complaint (*see* Compl. [Doc. No. 1] at 18, ¶ 42) which seeks a determination that "Defendant is in default of the Lease without the ability to cure before the December 31, 2016, end of the Lease term," (Resp. [Doc. No. 18] at 7 (emphasis in the original)) is now moot, and therefore, dismissed upon that ground. However, even if the relief requested in paragraph 42 were still at issue, the Court finds that the entirety of Count 1 would be dismissed pursuant to the analysis herein.

678. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations omitted).

## Discussion

Defendant's initial challenge to Plaintiff's declaratory judgment claim is not based on the sufficiency of its factual allegations, but on the contention that Plaintiff's breach of contract claim necessarily will require a determination of the same issues that Plaintiff seeks to resolve by declaratory judgment and, thus, Plaintiff's Count 1 should be dismissed as duplicative of the contractual claim. Plaintiff maintains, "[s]eparate from [the] breach of contract claim for damages, a declaratory judgment would serve a highly useful purpose in clarifying the legal status, rights, and obligations of the parties both between themselves and vis-à-vis the subject property." Resp. [Doc. No. 18] at 8.

District courts have "'unique and substantial discretion' in determining whether to declare the rights of litigants." *United States v. City of Las Cruces*, 289 F.3d 1170, 1179-80 (10th Cir. 2002) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). This issue often arises in the context of parallel litigation in state and federal courts. *See id.* In such situations, the following factors guide the courts' determination:

> (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 980–81 (10th Cir. 2012) (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)).

Assuming these same factors may also guide a decision whether to entertain a separate declaratory judgment claim in this case,[2] the Court finds all applicable factors weigh in favor of dismissal of Plaintiff's duplicative claim. Apart from Plaintiff's desire to declare Defendant in default without the ability to cure prior to the end of the Lease term (*see infra* note 1), Plaintiff fails to identify any issue for resolution by declaratory relief that cannot be resolved in the context of its separate claim for breach of contract. Therefore, Plaintiff's declaratory judgment claim serves no useful purpose and would not settle the controversy.

## Conclusion

For these reasons, Defendant's Motion to Dismiss [Doc. No. 16] is hereby GRANTED, and Plaintiff's declaratory judgment claim is dismissed without prejudice.

---

[2] Both parties agree that factors (3) and (5) are inapplicable to the present action, but each argue that the remaining three factors weigh in favor of their respective side.

IT IS SO ORDERED this **2nd** day of April 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE